**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

STEPHANIE DELIBERTY, *on behalf of herself and all others similarly situated,*

Plaintiff,

-against-

CARDTRONICS, INC.,

Defendant.

Civil Action No.: ___________

**CLASS ACTION COMPLAINT**

For her Class Action Complaint against Defendant Cardtronics, Inc. ("Cardtronics"), Plaintiff, Stephanie DeLiberty ("Plaintiff"), through undersigned counsel, on behalf of herself and all others similarly situated, states as follows:

**INTRODUCTION**

1. This action arises from Defendant's repeated violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "Act") and Regulation E, 12 C.F.R. 205, *et seq.* (together with the Act, the "EFTA").

2. The EFTA provides for the timing and required substance of specified disclosures to be given by an operator of an Automated Teller Machine ("ATM") to users of ATMs.

3. The EFTA requires an ATM operator who imposes a fee on a consumer for "host transfer services" (an electronic fund transfer or balance inquiry) to provide to the consumer, at the time the service is provided, accurate notice of: (1) the imposition of a fee by such operator for providing the service; and (2) the amount of the fee charged. *See* 15 U.S.C. § 1693b(d)(3)(A).

4. The required notice must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

5. 12 C.F.R. 205.16(c)(1) similarly provides that an ATM operator must post the required notice "in a prominent and conspicuous location on or at the automated teller machine."

6. No fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a fee notice is required unless the consumer receives such notice in accordance with the EFTA. *See* 15 U.S.C. § 1693b(d)(3)(C); 12 C.F.R. 205.16(e).

7. Plaintiff brings this action based on Defendant's imposition of a fee without providing, in a prominent and conspicuous manner, the notice required by the EFTA.

**THE PARTIES**

8. Plaintiff is an adult individual residing in Newtown Square, Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

9. Defendant Cardtronics is a Delaware business entity with its principal place of business at 3250 Briarpark Drive, Suite 400, Houston, Texas.

10. Cardtronics is an automated teller machine operator as that term is defined by 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. 205.16(a).

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693, as the action arises under the EFTA.

12. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) & (c) in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTS

### A. The Clarence ATM

13. On or about February 25, 2012, Plaintiff withdrew funds from the ATM inside the New York State Thruway Clarence Travel Plaza located at Mile Post 412, Interstate 90 Westbound, Clarence, New York (the "Clarence ATM").

14. At the time Plaintiff used the Clarence ATM, it was owned and operated by Defendant.

15. At the time Plaintiff used the Clarence ATM, a fee notice was not posted on the outside of the machine in a prominent and conspicuous location. A true and correct copy of a photograph of the Clarence ATM is attached hereto as Exhibit A, and reproduced below:




16. As shown in Exhibit A, a fee notice is not posted on the outside of the Clarence ATM in a prominent and conspicuous location.

17. At the time Plaintiff used the Clarence ATM, she was charged a service fee in the amount of $2.00. A true and correct copy of Plaintiff's receipt from the Clarence ATM is attached hereto as Exhibit B.

**B. The Pembroke ATM**

18. On or about February 27, 2012, Plaintiff withdrew funds from the ATM inside the New York State Thruway Pembroke Travel Plaza located at Mile Post 397, Interstate 90 Eastbound, in Corfu, New York (the "Pembroke ATM").

19. At the time Plaintiff used the Pembroke ATM, it was owned and operated by Defendant.

20. At the time Plaintiff used the Pembroke ATM, a fee notice was not posted on the outside of the machine in a prominent and conspicuous location. A true and correct copy of a photograph of the Pembroke ATM is attached hereto as Exhibit C, and reproduced below:



21. As shown in Exhibit C, a fee notice is not posted on the outside of the Clarence ATM in a prominent and conspicuous location.

22. At the time Plaintiff used the Pembroke ATM, she was charged a service fee in the amount of $2.00. A true and correct copy of Plaintiff's receipt from the Pembroke ATM is attached hereto as Exhibit D.

C. **The Scottsville ATM**

23. On or about February 27, 2012, Plaintiff withdrew funds from the ATM inside the New York State Thruway Scottsville Travel Plaza located at Mile Post 366, Interstate 90 Eastbound, in Scottsville, New York (the "Scottsville ATM").

24. At the time Plaintiff used the Scottsville ATM, it was owned and operated by Defendant.

25. At the time Plaintiff used the Scottsville ATM, a fee notice was not posted on the outside of the machine in a prominent and conspicuous location. A true and correct copy of a photograph of the Scottsville ATM is attached hereto as Exhibit E, and reproduced below:



26. As shown in Exhibit E, a fee notice is not posted on the outside of the Clarence ATM in a prominent and conspicuous location.

27. At the time Plaintiff used the Scottsville ATM, she was charged a service fee in the amount of $2.00. A true and correct copy of Plaintiff's receipt from the Scottsville ATM is attached hereto as Exhibit F.

## CLASS ACTION ALLEGATIONS

### A. The Class

28. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and all others similarly situated.

29. The Classes of consumers that Plaintiff seeks to protect are defined as:

> **Class A: All persons who within the one year period preceding the initiation of this action were charged a transaction fee for use of the Clarence ATM located at Mile Post 412, Interstate 90 Westbound, Clarence, New York.**
>
> **Class B: All persons who within the one year period preceding the initiation of this action were charged a transaction fee for use of the Pembroke ATM located at Mile Post 397, Interstate 90 Eastbound, in Corfu, New York.**
>
> **Class C: All persons who within the one year period preceding the initiation of this action were charged a transaction fee for use of the Scottsville ATM located at Mile Post 366, Interstate 90 Eastbound, in Scottsville, New York.**

### B. Numerosity

30. Upon information and belief, Defendant has assessed thousands of illegal transaction fees through use of the Clarence, Pembroke, and Scottsville ATMs (the "Cardtronics ATMs").

31. Upon information and belief, since the dates of Plaintiff's transactions at the Cardtronics ATMs, Defendant has not posted a prominent and conspicuous notice disclosing the amount of the service fee on the outside of any of the Cardtronics ATMs.

32. The members of the Classes are therefore believed to be so numerous that joinder of all members is impractical.

33. Although the exact numbers and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that there are thousands of individuals who have claims identical to Plaintiff's. Therefore, bringing the action as a class will fairly ensure the adequate representation of all who may sue.

**C. <u>Common Questions of Law and Fact</u>**

34. Plaintiff identifies the following questions of fact and law common to the Classes which predominate over any questions affecting only individual Class members:

a) Whether Defendant was, at all relevant times during the class period, an ATM operator who imposed a fee on consumers for providing host transfer services;

b) Whether the Cardtronics ATMs provided disclosure in a prominent and conspicuous location that the ATM transaction was subject to the imposition of a specified fee; and

c) Whether Defendant imposed fees on consumers without notice.

35. Defendant's conduct in failing to post the required fee notice was intended and had the effect of causing damages to Plaintiff and the other members of the Classes.

**D. <u>Typicality</u>**

36. Plaintiff's claims are typical of the claims of the Class members since each of the claims arises from the use of an ATM owned and operated by Defendant in their regular course of business.

**E. Protecting the Interests of the Class Members**

37. Plaintiff will fairly and adequately represent the Class members, all of whom are victims of Defendant's unlawful and wrongful conduct.

38. All of the Class members' claims arise from substantially the same course of conduct and specific activities complained of herein and require application of identical legal principles.

39. Plaintiff has retained counsel experienced in bringing class actions and consumer class claims and who stands ready, willing and able to represent the Classes and advance the costs of this litigation.

**F. Proceeding via Class Action is Superior and Advisable**

40. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. Absent a class action, most Class members would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

42. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

43. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant. Conversely, adjudications with respect to individual Class members would be dispositive of the interest of all other Class members.

44. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate Plaintiff and the other members of the Classes.

**COUNT I**
**Violation of the EFTA, 15 U.S.C. § 1693, *et seq.***
**(On Behalf of All Class Members)**

45. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

46. 15 U.S.C. § 1693b(d)(3)(A) provides that any ATM operator who imposes a fee on any consumer for providing host transfer services must provide a notice stating:

> (i) The fact that a fee is imposed by such operator for providing the service; and
>
> (ii) The amount of any such fee.

47. The notice required by 15 U.S.C. § 1693b(d)(3)(A) must "be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer." 15 U.S.C. § 1693b(d)(3)(B)(i).

48. In addition, 15 U.S.C. § 1693b(d)(3)(c) provides:

> No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless:
>
> (i) The consumer receives such notice in accordance with subparagraph (B); and
>
> (ii) The consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

49. To enable enforcement of the EFTA, 12 C.F.R. 205.16(b) provides:

> An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:
>
> (1) Provide notice that a fee will be imposed for providing electronic fund transfer sercices or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

50. 12 C.F.R. 205.16(c) further provides:

> An automated teller machine operator must comply with the following:
>
> (1) Post the notice required by paragraph (b)(1) of this section in a prominent and conspicuous location on or at the automated teller machine

51. In addition, 12 C.F.R. 205.16(e) states:

> An automated teller machine operator may impose an fee on a consumer for initiating an electronic fund transfer of a balance inquiry only if:
>
> (1) The consumer is provided the notices required under paragraph (c) of this section; and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

52. Defendant is an automated teller machine operator who provided host transfer services at all times relevant to this action.

53. Defendant failed to comply with the EFTA in connection with providing such services to Plaintiff and the other members of the Classes as a fee notice was not posted in a prominent and conspicuous location on the outside of the Cardtronics ATMs.

54. Pursuant to the EFTA, Defendant was prohibited from imposing any fee for host transfer services because Defendant failed to provide conspicuous notice of the amount of the fee charged.

55. Plaintiff and the other members of the Classes have suffered damages as a result of Defendant's violations of the EFTA in that they were charged a fee that was not properly disclosed.

56. Pursuant to 15 U.S.C. § 1693m, Defendant is liable to Plaintiff and the other members of the Classes for the amount of actual damages incurred, as well as for statutory damages, reasonable attorney's fees and the costs of this action.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Classes and against Defendants as follows:

A) Statutory damages pursuant to 15 U.S.C. § 1693m;

B) Actual damages pursuant to 15 U.S.C. § 1693m;

C) Compensatory damages;

D) Prejudgment interest;

E) Entry of an Order establishing a constructive trust over the wrongfully-obtained funds in Defendants' possession and appropriate supplemental orders, including appointment of a receiver and restrictions on distribution of such funds by Defendants;

F) Attorney's fees and costs pursuant to 15.U.S.C. § 1693m; and

G) Such other and further relief this Court deems just and appropriate.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY.

Dated: August 10, 2012
Stamford, CT

By: ______________________
Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*